(86 Tex. Cr. R. 329)

JACKSON v. STATE. (No. 5600.)

(Court of Criminal Appeals of Texas. Dec. 3, 1919.)

1. LARCENY ⬥⟿55—EVIDENCE SUFFICIENT TO WARRANT CONVICTION.

In prosecution for theft of a hog, evidence *held* sufficient to sustain conviction.

2. CRIMINAL LAW ⬥⟿1091(5)—EXCLUSION OF QUESTION DOES NOT SHOW ERROR WHERE WITNESS WOULD HAVE GIVEN ADVERSE ANSWER.

A bill of exceptions complaining of the exclusion of the question asked by defendant does not show harmful error where the bill stated that, had the witness been permitted to testify, the answer would have been in the negative, and hence not in favor of defendant.

3. CRIMINAL LAW ⬥⟿1091(5, 10)—BILL OF EXCEPTIONS TO EXCLUSION OF EVIDENCE INSUFFICIENT.

A bill of exceptions complaining of the refusal of the court in prosecution for theft of hogs to permit witness to answer a question framed to show that the witness to whom defendant sold hogs failed to deliver them to claimant because of the uncertain description given of them by claimant is insufficient where it does not disclose what objection was made by the state or point out the materiality or relevancy of the inquiry.

4. CRIMINAL LAW ⬥⟿1170(4)—SUSTAINING OF OBJECTION TO QUESTION HARMLESS WHERE THE EVIDENCE WAS ELSEWHERE ADMITTED.

In prosecution for theft of a hog, the sustaining of an objection to question asked purchaser from defendant as to whether he refused to surrender the hogs to claimant because of uncertainty of claimant's description cannot be considered as disclosing error where the purchaser elsewhere testified he did not delay the surrendering of the hogs because of any uncertainty or insufficiency of description.

Appeal from District Court, Anderson County; John S. Prince, Judge.

---

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ishmael Jackson was convicted of the theft of one hog, and he appeals. Affirmed.

Seagler & Pickett, of Palestine, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. [1] The conviction was for the theft of one hog. The appellant sold three hogs to the witness McMahan, and they were turned into a pasture in which there were about 75 other hogs. The owner named in the indictment, Jones, came to the premises of McMahan claiming that his hogs had been stolen, and was directed by the wife of McMahan to go into the pasture and see if he could find his hogs. Jones returned, identifying as his the three hogs which had been purchased from appellant. These hogs were in Jones' mark, and appellant claimed to have used the same mark. After identifying the hogs, Jones brought other parties whose statements touching the identity of the property convinced McMahan that they belonged to Jones, and they were delivered to him. The appellant claimed that the hogs belonged to him; that he had had them in a pen for some months. One of them had a sore place upon it, which he claimed had been torn by a dog when the hogs were put in the pen. Other testimony was given to the effect that the torn place was fresh at the time the hogs were delivered to McMahan. There was evidence that the appellant had offered to pay McMahan $100 to have the prosecution abandoned, and there were other circumstances tending to contradict appellant in his claim of ownership. Without detailing all of the evidence, we express the opinion that it is sufficient to support the verdict of the jury.

[2] Two bills of exceptions appear, one complaining of the refusal of the court to permit the witness McMahan to answer the following question:

"Is it not a fact that in May, 1918, when the state's witness, Billie Jones, who claimed the alleged stolen hogs, inquired of you if you knew the whereabout of said hogs, that he, Billie Jones, was not then able to give any description of the hogs other than their earmarks, which was under slope in each ear?"

It is stated in the bill that the witness would not have testified that at said time Billie Jones was unable to give any description of the hogs other than their marks. It is manifest that the bill discloses no harmful error.

[3, 4] The other bill complains of the refusal of the court to permit the witness McMahan to answer a question framed to show that he failed to deliver the hogs at once to Jones because of the uncertain and contradictory description given of them by Jones in various conversations with the witness. The bill does not disclose the objection that was made by the state and sustained by the court, nor does it point out the materiality and relevancy of the inquiry, and in this respect is defective. Luttrell v. State, 14 Tex. App. 152; Counts v. State, 19 Tex. App. 452; Goforth v. State, 22 Tex. App. 408, 3 S. W. 332. The inference may be drawn that the purpose of the inquiry was to indicate to the jury that Jones had made statements touching the identity of the hogs contradictory to that given by him upon the trial. It is possible that the trial judge regarded the inquiry not adapted to that purpose in that it is not asked what statements Jones made, but rather asks for the conclusion of the witness relating to whether the statements he did make were contradictory or otherwise. We have examined the statement of facts touching this matter, and it appears that the witness McMahan said that he had but one conversation with Jones about the hogs, and that in that conversation Jones did not describe them; that he did delay delivering them to him until they were identified by Mr. Kennedy as belonging to Jones. He said further that the delay was not because of any contradiction in Jones' description. The state of the record was not such as to disclose that there was error committed by the learned trial judge in the matter complained of.

The judgment is affirmed.

---

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes